IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH TROPEANO, et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-0230-N-BK |
| § | |
| BEL PARTNERS INC., et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiffs' motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be **DISMISSED WITH PREJUDICE** as frivolous and Plaintiff's *Motion for Immediate Emergency Injunction* should be **DENIED**.

**I. BACKGROUND**

On January 29, 2018, Plaintiffs Joseph and Susan Tropeano, *pro se* litigants and self-described homeless Texas residents, filed a lengthy civil complaint with addenda and a 79-page *Motion for Immediate Emergency Injunction*. Doc. 3, Doc. 4, and Doc. 6. The complaint and addenda exceed 402 pages and name about 40 defendants, which include employees and managers at Plaintiffs' last apartment complex in Frisco, police officers from Plano, Frisco and Little Elm, Frisco Family Services and two employees, Justice of the Peace James DePiazza, various out-of-state elected officials, other unidentified characters, and "criminals" and residents at Plaintiffs' last apartment complex.

Upon review, the Court finds that the complaint is difficult to decipher and nonsensical. It consists of stream of consciousness diatribes referencing "a Police State" and "Violent, Communist, Marxist Police Thugs who emulate the Russian KGB" and who have conspired under RICO with "criminal syndicates and networks of extreme, Violent Progressive Radicals" to interfere with Plaintiffs' lives, property, and apartment rental in Texas and other states and have caused them to be evicted. Doc. 3 at 14-22, 27-34, 42-45, 70-74. Plaintiffs also complain of "unlawful surveillance of Communication systems," Doc. 3 at 23, a "militant mission to murder" them, Doc. 3 at 45, 47, and continuous stalking by the police, Doc. 3 at 61-69. Plaintiffs also assert that the stalkers "emit high dangerous levels of radiation via cell phones," which has caused them to experience radiation sicknesses such as high blood glucose, tremors, nausea, and paralysis. Doc. 3 at 75-77; Doc. 6 at 8. Plaintiffs request "an immediate emergency injunction to stop the "Life Threatening, Oppressive Police State Tyranny." Doc. 6 at 2; *see also* Doc. 2 at 74 (requesting that "[t]his murderous, communistic, Marxist Police State must cease and Desist Immediately!"). In addition, they appear to invoke the prosecutorial power of the United States Attorney's Office and the Attorney General. *See* Doc. 3 at 2 (demanding "U.S. Attorney and Attorney General"); Doc. 6 at 49 (seeking immediate assistance of the U.S. Attorney).

Plaintiffs are not strangers to the federal courts, having filed at least three other cases in New York, Virginia, and Vermont complaining of widespread conspiracies. *See Topeano v. Leinwand*, 1:15-CV-4067 (E.D. N.Y. July 13, 2015) (dismissing frivolous/delusional "emergency criminal complaint" complaining of elaborate conspiracy theories formulated among thousands of individuals and talk of radio frequencies which were dictating the behavior); *Topeano v. United States*, 3:16-CV-623 (E.D. Va. Aug. 23, 2016) (dismissing fantastic

2

delusional complaint without prejudice); *see also Tropeano v. Rutland Pharmacy*, 1:13-cv-00017 (D. Vt. Feb. 1, 2013) (granting plaintiffs' motion to withdraw case that consisted of lengthy pleadings complaining of conspiracy and seeking to "refer" documents to prosecutors and members of Congress).

## II. ANALYSIS

Because Plaintiffs are proceeding *in forma pauperis*, their complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

The Court liberally construes Plaintiffs' filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiffs' claims are legally and factually frivolous and clearly baseless.

To the extent Plaintiffs seek to prosecute a criminal case against the named Defendants, they do not have a federally secured right to pursue a criminal prosecution. The executive

branches of the state and federal government have exclusive jurisdiction to commence criminal charges.  See *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (quotations and quoted case omitted) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-281 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within the category of acts that will not give rise to liability under 42 U.S.C. § 1983).

In addition, Plaintiffs' allegations of pervasive conspiracies, racketeering, stalking, and "radiation sickness," allegedly the result of stalkers who "emit high dangerous levels of radiation via cell phones," are premised on factual scenarios that are clearly irrational and incredible.  *See Denton*, 504 U.S. at 33; *see also Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *recommendation accepted*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

Accordingly, Plaintiffs' complaint should be dismissed with prejudice as legally and factually frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his/her complaint prior to dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, the facts as alleged by Plaintiffs clearly suggest that

4

their claims are irrational and, thus, fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. MOTION FOR IMMEDIATE EMERGENCY INJUNCTION

Because Plaintiffs are proceeding without the benefit of counsel, in an abundance of caution, the Court also liberally construes their *Motion for Immediate Emergency Injunction* as requesting a temporary restraining order. Doc. 6.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1).

In this instance, Plaintiffs, who are acting as their own attorney, have failed to provide specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss, or damage will result. Nor have they certified in writing any efforts made to give notice to the Defendants and the reasons why notice should not be required before a temporary restraining order is issued. Thus, having have failed to comply with the legal requirements, their *Motion for Immediate Emergency Injunction* should be denied. Doc. 6.

5

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff's *Motion for Immediate Emergency Injunction* be **DENIED**.

**SIGNED** January 31, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).
.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE